FLEMISTER vs. THE STATE OF GEORGIA.

1. There was ample corroboration of the testimony of the prosecutrix to authorize conviction of defendant.
2. The overruling of a demurrer to an indictment cannot be made a ground of a motion for a new trial.
3. That the court refused to allow counsel to explain to a witness what was meant by "general character," was not error, it not appearing what was the explanation counsel proposed to make.
4. Where a witness testified that she knew the general character of another witness, that she had never heard any one say anything against it, and that she knew such character of her own knowledge, and had resided in the same city with the witness sought to be impeached for a long number of years, and had known such witness intimately, it was not error to refuse to rule out the testimony because she also testified that she was not testifying from what

people said as to such character, but from her individual knowledge.

5. Certain charges of the court complained of are not erroneous, when taken in connection with the whole charge.

6. An exception to the whole charge is not good unless the whole charge is erroneous. In this case the charge was generally sound.

October 5, 1888.

Criminal law. Evidence. Demurrer. Practice. Witness. Charge of court. Before Judge RICHARD H. CLARK. Fulton superior court. March term, 1888.

Reported in the decision.

F. R. WALKER, for plaintiff in error.

C. D. HILL, solicitor-general, for the State.

SIMMONS, Justice.

Flemister was indicted by the grand jury of Fulton county for the offence of perjury. On the trial of the case, he was found guilty. He made a motion for a new trial, on the several grounds therein, which motion was overruled by the court; whereupon he excepted.

1. The main ground insisted upon before us by counsel for the plaintiff in error was, that the verdict was contrary to the evidence. He insisted that there was not sufficient corroboration of the testimony of Mrs. Martin, the prosecutrix, to authorize the jury to convict. We have carefully read the testimony sent up in the record, and we disagree with the counsel for the plaintiff in error. We think that the testimony of Mrs. Martin was abundantly corroborated by other facts and circumstances in the case; indeed, there were two other witnesses to the falsity of the testimony of Flemister, outside of facts and circumstances. Flemister testified in the recorder's court that, about three weeks before

v 81–49

the trial in that court, Mrs. Martin, the prosecutrix, made certain proposals to him in his shop on Peachtree street; that at the time the proposals were made by her, she was accompanied by another female. Mrs. Martin, Miss Mabry and Brown all testified that, at the time that the proposals were alleged to have been made, Mrs. Martin did not enter the shop nor speak to Flemister; and it was further testified that this was the only time she ever visited the shop in company with a female. We think, therefore, that the State fully made out its case, not only by one witness and corroborative circumstances, but by three witnesses. We therefore overrule this ground of the motion for a new trial.

2. The next ground alleges error in that the court overruled the demurrer to the indictment. This court has frequently decided that the overruling of the demurrer is not a ground for a new trial. The only way that such a ground can be brought to this court is in the bill of exceptions, alleging error therein. We therefore shall not consider this ground of the motion. *Nicholls vs. Popwell,* 80 *Ga.* 604; *Griffin vs. The Justices,* etc., 17 *Ga.* 96; *Rogers vs. Rogers,* 78 *Ga.* 688.

3. The next ground of the motion is, in substance, that the court erred in refusing to permit the defendant's counsel to explain to J. N. Abbott what general character was, after witness testified that he did not know her character. If the counsel had given a definition of general character to the court, and had given it correctly, and had asked the court to allow him to explain it to the witness, perhaps the court might have given him the permission. If the court had refused, and this court could have seen what definition counsel proposed to give to the witness, we might rule that he was entitled to explain the term to the witness. But as the court below did not know what definition counsel

would place upon the term, and there was no definition
or explanation set out in the record, this court cannot
judge whether the definition would have been correct
or not.   We therefore hold that the court committed no
error in the ruling complained of in this ground of
the motion.

4. Complaint is made in the third ground that the
court refused to rule out the testimony of Mrs. Murphy
as to the character of Mrs. Martin, after the witness had
testified that she was not testifying to this character
from what people said, but from her individual knowl-
edge of Mrs. Martin.   We see no error in the refusal of
the court to rule out this testimony.   We have read the
testimony of Mrs. Murphy; and she testified that she
knew the general character of Mrs. Martin, but that she
had never heard any one say anything against her char-
acter, and that she knew the character from her own
knowledge.   Where a witness has resided in a commu-
nity with the person sought to be impeached, for a long
number of years, and has known the person intimately,
as was testified in this case, and has never known any
one to say aught against the character of the person, we
are inclined to think it is pretty strong evidence of gen-
eral character, and that the witness ought to be allowed
to state it to the jury, although the witness may state
it from her own knowledge.   As was said by Mr. Justice
BENNING, in *Taylor vs. Smith*, 16 *Ga.* 10, "the silent
respect and consideration with which one is treated and
received by those who know him, is some index of what
they think of him as a man of veracity.   And, indeed,
if he is a person whom they think very highly of, this
is about the only index.   The character for truth of
such a person is never discussed, questioned, spoken of.
To discuss, question, or even, perhaps, to speak of one's
reputation for truth, is to admit that two opinions are

possible on this point. Suppose the question were, what was the character of Washington among his neighbors for truth, could the answer be anything but this: 'I never heard it questioned, discussed, spoken of, and yet I know it to have been the most exalted'?"

5. The 4th, 5th and 6th grounds of the motion complain of certain charges of the court to the jury, set out therein. We have read those extracts from the charge, in connection with the whole charge given by the court to the jury. Taken in connection with the whole charge, we do not see that such error was committed by the court as to compel us to grant a new trial upon these grounds. As we have said before, extracts taken from the body of a charge by themselves may appear to be erroneous, but taken in connection with the whole charge, may be sound law.

6. The 7th ground of the motion excepts to the whole charge of the court. This is not a good ground unless the whole charge is erroneous. This charge appears to us to be generally sound. There may be some defects in its phraseology, but the principles announced to the jury are sound law.

Judgment affirmed.