O'DELL *v.* THE STATE.

The grounds of the motion for a new trial are without substantial merit; the evidence of guilt was clear and convincing; and the Supreme Court will not, therefore, overrule the judgment of the trial court refusing to set the verdict of guilty aside.

February 27, 1895.

Indictment for misdemeanor. Before Judge MACDONELL. City court of Savannah. November term, 1894.

William J. O'Dell was found guilty of keeping a policy lottery, and his motion for a new trial was overruled. The grounds of the motion are as follows:

1. Daniel Jenkins was introduced by the State, and testified: I was in defendant's employment on July 4, 1893, and so continued for about nine months. I was employed to write policy tickets. People called off different numbers, and I wrote them out and gave it to them. Defendant had about ten others employed, called venders, writing policy tickets. This concern had offices and branches in different parts of the town; the main office was in Congress street lane, between Bull and Drayton streets. There was nothing at all in the office but the man who stayed there writing; in the branch offices there were men writing tickets just the same as in the main office; the writing was going on continually. Branch offices were located in different parts of the city.

The witness was asked, "Where did you keep your office?" Defendant objected to this question on the grounds, that it assumed the witness kept an office, that it was misleading, and that the answer might tend to criminate him. The objection was overruled.

2. John King testified: My business is writing policy. I am writing for what is called The Charleston Wheel. We call the tickets "The Only Genuine." He was asked, "Who are you writing for?" Defendant objected on the grounds, that the question was leading, and that it assumed that the witness was acting for another. The objection was overruled. The witness answered, "I was employed by Mr. Harris and Mr. Taylor. I am writing for Mr. William J. O'Dell acting as principal. I have been writing for him about two years."

3. The State introduced certain alleged tickets which the motion for new trial recites are attached to and form a part of the brief of evidence. This recital is not borne out by the transcript in this court. Defendant objected

to the tickets on the grounds, that there was nothing to connect him with them; that they did not appear to have been issued by him or by his authority; and that one of them appeared to have been issued subsequently to the finding of the indictment. The objections were overruled.

4. The court charged the jury, that "a reasonable doubt is not a fanciful doubt, but such a doubt as would naturally arise in the mind of a reasonable man, either from the evidence or from the lack of evidence." Assigned as error, in restricting the doctrine of reasonable doubt to the evidence or lack of it, and in holding that a reasonable doubt cannot arise from the prisoner's statement.

5. The court further charged, that the jury may believe the prisoner's statement in preference to sworn testimony, or may disbelieve it, according as it carries conviction or fails to carry conviction to their minds. Assigned as error, in requiring that the statement must carry conviction to the minds of the jury.

6. The court charged: "In misdemeanor cases there are no such things as accessories, as there are in felonies. All persons engaged in the carrying on or commission of the offense are equally guilty with the principal. In this case, if the jury should believe that the policy lottery was a scheme which embraced the turning of a wheel in which tickets had been placed, that tickets had been previously sold by writers and purchased by men with the hope or purpose of winning prizes, and that these tickets were placed in a wheel, and that the wheel was turned and a certain number of tickets taken out, and that if the numbers that were on the tickets were the numbers drawn, those who held the tickets won the prizes, and in this way prizes were won and paid over to parties who bought tickets from these writers; and if the jury believe that there was a general scheme which

embraced the turning of a wheel at a certain office, that there were branch offices for the selling of tickets and the hazarding of money in the hope of winning prizes, that would constitute a lottery contrary to the laws of this State, and persons attached or connected with it, either as writers, ticket writers, or whether engaged in carrying the books to the central office, and whether they acted at the central office in receiving those books, or in turning the wheel, or in taking the numbers out of the wheel, or in paying over the prizes, all parties who were directly connected with it and participated in it, whether as employees or otherwise, would be equally guilty of a violation of the law." Error because, (1) whether certain facts or conditions would constitute a lottery is a question of fact for the jury, and not of law for the court; (2) the court expressed an opinion as to the evidence; (3) the charge was not warranted by the evidence; (4) direct connection and participation in a lottery does not make the participant guilty of keeping, maintaining and carrying on a lottery; (5) the charge is misleading, because elements besides mere participation must exist, such as time, place, etc., before the prisoner would be guilty.

7. The court charged: "If the jury believe from the evidence that the defendant was not connected with the carrying on of the lottery, and was not in charge of it, and that he simply went there to collect money, and had no connection with the carrying on of the lottery, the jury will acquit him; on the other hand, if they believe he was directly connected with it, that he gave directions to others, or that he paid prizes, or that he received the books, or that he did any act at all in the carrying on of the general scheme of a policy lottery, the jury will find him guilty." Error because, (1) it restricts the jury to the evidence, and excludes the consideration of the prisoner's statement; (2) it invades the domain of

the jury by charging that they will find him guilty; (3) it is not a correct expression of the law.

8. Verdict contrary to law and evidence.

GARRARD, MELDRIM & NEWMAN, for plaintiff in error. W. W. FRASER, solicitor-general, *contra*.

LUMPKIN, Justice.

There are many grounds in the motion for a new trial. After examining them all carefully, we are satisfied they are without substantial merit. We think this will appear, without argument, from an examination of the reporter's statement in which these grounds are set forth. The evidence clearly and satisfactorily shows that the accused was guilty. This being so, the Supreme Court will not diligently search for errors upon which to predicate the granting of a new trial. *Judgment affirmed.*