SATTERFIELD *et al. v.* COGGINS.

COBB, J. There was no error of law complained of. Though the evidence was conflicting, the verdict was amply supported, and the discretion of the trial judge in refusing to grant a new trial will not be controlled.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*

Submitted March 2, — Decided March 28, 1901.

Complaint. Before Judge Gober. Cherokee superior court. March 17, 1900.

*Thomas W. Milner & Sons* and *E. W. Coleman,* for plaintiffs.
*Teasley & Hutcherson,* for defendant.

---

BARNES *v.* THE STATE.

113 189
Case 2
114 453

LITTLE, J. 1. An exception to an accurate and pertinent proposition of law which was given in charge to the jury by the trial judge, on the ground that the judge erred in failing to charge in connection therewith another equally as correct proposition bearing on the same subject, can not be sustained. The charge complained of, being of itself sound, was not rendered assailable by a failure to connect it with another correct principle. If the law involved in the proposition which it is complained the judge failed to connect was material to the defense of the accused, and the jury was not by the general charge correctly instructed in relation thereto, an exception should have been directly taken to the failure thus to charge. *Lucas* v. *State,* 110 *Ga.* 756 ; *Wood* v. *Collins,* 111 *Ga.* 37 ; *Keys* v. *State,* 112 *Ga.* 392.

2. When in the trial of a criminal case the jury has been instructed that the burden is on the State to establish every material allegation in the indictment beyond a reasonable doubt, a failure to give the same principle of law in connection with another portion of the charge is not error.

3. The record contains sufficient evidence to support the verdict of guilty which was rendered.

4. The term of imprisonment imposed as punishment was within the limit fixed by law, and, under the evidence, was not excessive.

*Judgment affirmed. All the Justices concurring.*

Submitted March 18, — Decided March 25, 1901.

Indictment for robbery. Before Judge Brinson. Richmond superior court. January 19, 1901.

*B. B. McCowen,* for plaintiff in error.
*J. S. Reynolds, solicitor-general,* contra.