### CARTER *v.* THE STATE.

In only one of the charges complained of was there any error, and that was cured by language used in immediate connection therewith.    The evidence the admission of which is assigned as error does not appear to have been objected to on the trial in the court below, and therefore, even if erroneously admitted, will not work the grant of a new trial.    The assignments of error on the failure of the judge to charge certain principles alleged to have been applicable are without merit, for the reason that no written requests were made that such charges be given.    The evidence warranted the verdict, and it was not error to overrule the motion for a new trial.

Argued November 22, — Decided December 9, 1904.

Indictment for assault with intent to rape.    Before Judge Mitchell.    Lowndes superior court.    September 12, 1904.

*G. A. Whitaker* and *W. M. Hammond*, for plaintiff in error.
*W. E. Thomas, solicitor-general*, contra.

CANDLER, J.    The accused was found guilty upon an indictment charging him with assault with intent to rape.    He moved for a new trial, which was refused, and he excepted.    The motion, aside from the general grounds that the verdict was contrary to law and the evidence, complains of various extracts from the charge of the court, of the admission of stated evidence, and of the failure to give in charge certain principles alleged to have been applicable to the case.    Most of the charges complained of are assigned as error because the court failed to charge, in immediate connection therewith, that before a conviction could be had the jury must be satisfied of the guilt of the accused beyond a reasonable doubt, and that the evidence must exclude every other reasonable hypothesis than that of the guilt of the accused. An examination of the charge of the court shows that the law of reasonable doubt was sufficiently explained to the jury.    To hold that this principle must be reiterated after the instructions given upon each and every principle of law given in charge would lead

to a manifest absurdity. Aside from this, it is too well settled to need citation of authority, that it will not be held error that the court, in giving in charge a correct and applicable principle of law, failed to charge in connection therewith some other equally applicable and correct principle. Only one of the charges complained of presents any difficulty, and that was in the following language: "You must be satisfied gentlemen, under the law, that the defendant in the commission of this act — and you will look to all of the evidence, all of the circumstances surrounding the case, everything connected with it that has been admitted before you, and determine from that evidence whether or not the defendant took hold of this girl — made this assault upon her by laying his hands upon her with the intent to have carnal knowledge of her forcibly and against her will. It is necessary that you be satisfied of this fact before you would be authorized to convict the defendant of the offense of assault with intent to rape." It is claimed that the language used in the first part of this charge " You must be satisfied, gentlemen, under the law, that the defendant in the commission of this act," assumed that the accused was guilty of the act charged in the indictment, and left to the jury only the question of his intent. It must be confessed that the language quoted is not well expressed; but a careful reading of the entire charge will show that the language immediately following, which is parenthetical in its form, made it clear that the jury could not consider the question of intent until they had first determined that the accused laid his hands upon the girl as charged ; and this, we think, cured whatever was objectionable in the part of the charge to which exception is taken.

The ground of the motion which complains of the admission of evidence does not show that any objection was made to its admission when it was offered in the trial court; and hence it can not now be considered. The failure to charge the principles alleged to have been applicable will not be held error, in the absence of written requests; and it appears that no such requests were made. The jury believed the witnesses offered by the State. The trial judge approved the verdict; and we will not, in a case where the evidence, if believed, is sufficient to make out the case charged, set aside a judgment refusing a new trial.

*Judgment affirmed. All the Justices concur.*