## DAVIS *v.* THE STATE.

BECK, J. 1. Under the evidence the accused was guilty of murder, or of no offense whatever; the court, therefore, did not err in failing to charge the jury on the law of manslaughter.

2. "It is not, on the trial of one of two or more persons jointly indicted for a crime, inappropriate to charge upon the law of conspiracy merely because the indictment does not in terms allege that there was a conspiracy to commit the offense." *Dixon* v. *State,* 116 *Ga.* 186(8).

3. Where there were several parties jointly indicted for murder, and the evidence showed that more than one of those jointly indicted participated in the shooting which resulted in the killing of the deceased, but there was not sufficient evidence to show whether a shot fired by the defendant on trial or shots fired by others jointly indicted with him inflicted the mortal wound, it was error to give to the jury a charge applicable to a state of facts which would have authorized a finding that the defendant himself fired the fatal shot. *Walker* v. *State,* 116 *Ga.* 537; *McLeroy* v. *State,* ante, 240.

4. Where in a criminal trial the judge has fully and fairly charged the jury concerning the law of reasonable doubt, he is not bound to repeat the instructions upon that subject when charging with reference to some particular or specially enumerated fact or facts.

5. Except as indicated in the third headnote, there was no error of law committed by the trial court requiring a reversal of the judgment denying a new trial.          *Judgment reversed. All the Justices concur.*

Submitted March 19,—Decided May 14, 1906.

Indictment for murder.   Before Judge Holden.   Madison superior court.   January 1, 1906.

*G. C. Thomas* and *J. E. Gordon*, for plaintiff in error.   *J. C. Hart, attorney-general*, and *D. W. Meadow, solicitor-general*, contra.