## FARGERSON *v.* THE STATE.

BECK, J. 1. There being evidence from which the jury would have been authorized to infer that the defendant shot the deceased while in a passion provoked solely by the words, threats, and menaces of the deceased, the judge, as a part of his instructions, properly charged the jury that "the law expressly says that a provocation by words, threats, menaces, or contemptuous gestures shall in no case reduce the homicide from murder to a lower degree of homicide denominated voluntary manslaughter; in other words, if the homicide is caused by a passion that is caused by a provocation of this character, by words, threats, menaces, or contemptuous gestures, the homicide would not be justifiable; it would not be voluntary manslaughter; it would be murder under the law."

2. Where in a criminal trial the judge has fully and fairly charged the

law of reasonable doubt, he is not bound to repeat the instructions upon that subject when charging with reference to some particular or specially enumerated fact or facts. *Davis* v. *State*, 125 *Ga.* 299.

3. Another portion of the charge was excepted to, but the assignment of error thereon was too vague and indefinite to raise any question for decision. Considered as a whole, the charge was full and fair. The evidence authorized the verdict, and no reason has been shown for reversing the judgment.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*

Submitted December 17, 1906.—Decided April 10, 1907.

Conviction of manslaughter. Before Judge Lewis. Morgan superior court. October 26, 1906.

*Williford & Middlebrooks,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.