## 2461.   HUDGINS *v.* THE STATE.

While a witness may be impeached by disproving the facts testified to by him, the attempted impeachment is a failure, no matter how many witnesses may deny the facts testified to by such witness, if the jury at last believes the witness sought to be impeached. Although only one witness testified in behalf of the State, and two witnesses gave testimony in behalf of the defendant directly contrary to the testimony of the State's single witness, yet, the credibility of the witnesses being exclusively with the jury, the inference that the State's witness was not impeached is conclusive; and there was no error in refusing to disturb the verdict.

Indictment for unlawful sale of liquor; from Hall superior court—Judge Kimsey.    February 4, 1910.

Submitted March 9,—Decided June 14, 1910.

*B. P. Gaillard Jr.,* for plaintiff in error.

*W. A. Charters,* solicitor-general, *F. M. Johnson,* contra.

Russell, J.    The defendant was convicted of a violation of the prohibition law, one witness testifying that he bought whisky from her upon a designated occasion and paid sixty cents for it.    He named several persons who were present at the time.    Two witnesses testified for the defendant, identifying the same time and place, and the same persons as being present, and swore positively that the witness did not purchase any whisky from her.    The jury found the defendant guilty, and it is now insisted by her counsel that the presumption of law is that these witnesses were worthy of belief, and, therefore, their evidence had the effect of impeaching Cain, the only witness for the State, who swore to the sale of liquor.    It is insisted (we assume, seriously) that Cain is impeached, because, under the provisions of §1025 of the Penal Code, the facts testified to by him were disproved.    The only trouble with the argument is that the whole question of impeachment in all of its phases is exclusive for the jury; and while the disproving of facts testified to by the witness is one of the methods of impeachment provided by law, still, inasmuch as the jury are the sole judges of the credibility of every witness, under this method one witness might impeach twenty-five who swore directly to the contrary of the testimony of the single witness.    It is not a question of numbers, but a question of which witness or which testimony the jury believes.    The fact that in this case the jury found the defendant guilty on the testimony of Cain alone, although two witnesses swore that what he testified was not true, is proof conclusive, from a legal standpoint, that the jury did not consider that what he had testified had been disproved.    Measured by the rules of impeachment and the right and duty of the jury in the premises, the verdict, under the circumstances, affords conclusive evidence that the attempt to impeach was a failure, if the testimony of the witnesses for the defendant is considered as being used only for that purpose.    There is a wide difference between impeachment and an effort to impeach; the credibility of witnesses is a matter so exclusively within the province of the jury that an attempt to

impeach (no matter which of the three statutory methods of impeachment is attempted) does not amount to an actual impeachment, unless the result shows that the faith of the jury in the testimony of the witness sought to be impeached was destroyed. There is no unusual feature about this case. It is but an exemplification of the general rule which wisely permits the jury to pass upon the credibility of witnesses. We held in *Jolly's* case, 5 *Ga. App.* 454 (63 S. E. 520): "The determination of the credibility of the witnesses is so exclusively within the province of the jury that the verdict finding a defendant guilty is not affected by the fact that that verdict is supported by the testimony of only one witness, whose testimony is directly in conflict with a large number of witnesses who had equal opportunity of knowing the facts, and who, so far as appears from the record, are worthy of credit. In the absence of any error on the part of the court or any irregularity which may have prejudiced the defendant, such a verdict, approved by the trial judge, is absolutely conclusive; because this court is without jurisdiction to review a finding upon the facts, which is supported by sufficient evidence." 　　　　*Judgment affirmed.*