### 3537.  HOLLOWAY *v.* THE STATE.

Even though a witness be successfully impeached by proof of general bad
character, yet where his testimony as to the transaction in dispute is
corroborated in material particulars, the jury have a right to believe
that as to that particular transaction he is telling the truth.

· DECIDED NOVEMBER 7, 1911.

Indictment for sale of liquor; from Pike superior court—Judge
Daniel.   May 22, 1911.

Meadows testified, that Stocks, chief of police, gave him 25 cents
and an empty bottle to get whisky from the defendant, and he
went into her house and bought whisky from her, paying her 10
cents for it, and returned the bottle, with this whisky in it, and
15 cents in change, to Stocks, who was waiting in front of the·
house; also that his own character was bad and sometimes he
would not believe himself on oath.   Stocks testified, that he
searched Meadows, found he had no whisky or money, gave him
25 cents and an empty bottle, and waited outside while Meadows
went in the defendant's house, and in a few minutes Meadows re-
turned the bottle to him, with whisky in it, and 15 cents; that the
defendant pleaded guilty in the mayor's court; and that Meadows's
character was bad and he would not believe him on oath.   These
were the only witnesses introduced for the State.   The defendant
made the following statement to the jury: "Ben Meadows came to
my house a few days before, this time, and had a basket and some
whisky in it.   He came in, got something out of the basket, and
went out.   I never sold him any whisky in my life.   I was ironing
when he came in, and he asked me for some whisky, and I told him
I did not have any, and he went out."

*Henry O. Farr,* for plaintiff in error.

*J. W. Wise, solicitor-general,* contra.

RUSSELL, J.   The motion for a new trial raises only the question
whether under the evidence the conviction was legal.   We are
inclined to agree with the main witness himself, and also with the
policeman, that the former's character is bad, and that, as a gen-
eral proposition, his testimony would be unworthy of credit; but
the circumstances of corroboration are such as might authorize
the inference that the witness was telling the truth as to the
transaction testified to in the instant case.   *Strozier* v. *Carroll,*

31 *Ga.* 557; *Powell* v. *State,* 101 *Ga.* 20 (5), (29 S. E. 309, 65 Am. St. Rep. 277) ; *Haynes* v. *State,* 17 *Ga.* 465.   The only question involved was one to be determined by the jury, and by the jury alone.   There is no limitation on the power of a jury to credit a witness, unless the facts testified to by him be, according to the common knowledge of mankind, inherently impossible.   *Pyles* v. *State, 3 Ga. App.* 29 (59 S. E. 193) ; *Jolly* v. *State, 5 Ga. App.* 454 (63 S. E. 520).                               *Judgment affirmed.*