### 4985. COOK *v.* THE STATE.

RUSSELL, J. 1. In the absence of an appropriate and timely request that the meaning of the term "reasonable doubt" be defined for the jury, it is not error for the trial judge to confine his instructions upon this subject to the statement that "the guilt of the accused must be proved beyond a reasonable doubt," and that "the testimony which the State is required to produce to remove the presumption of innocence must be of such a character and carry such weight as to remove from your minds any reasonable doubt of the defendant's guilt." The instruction given in the present case upon the subject of reasonable doubt is approved. "To give a specific meaning to the word 'reasonable,' when applied to 'reasonable doubt,' is trying to count what is not number, and to measure what is not space." See *Barker* v. *State,* 1 *Ga. App.* 288 (57 S. E. 990) and cit.

2. Though the fact that the offense was committed was denied, there was no testimony whatever to dispute that the offense, if committed at all, was committed within the period of two years. Consequently the omission of the trial judge to instruct the jury that the evidence must show that the offense was committed within the statute of limitations was not harmful to the accused. *Allen* v. *State,* 8 *Ga. App.* 284 (68 S. E. 1009).

3. The evidence authorized the verdict of guilty. It is the privilege of the jury to believe the testimony of a single witness, in preference to that of any number of witnesses whose testimony may contradict him, and even though testimony be adduced which, if credited by the jury, would suffice to successfully impeach the witness. *Jolly* v. *State,* 5 *Ga. App.* 454 (63 S. E. 520); *Hudgins* v. *State,* 7 *Ga. App.* 785 (68 S. E. 336); *Chatman* v. *State,* 8 *Ga. App.* 843 (70 S. E. 188); *Holloway* v. *State,* 10 *Ga. App.* 50 (72 S. E. 512). *Judgment affirmed.*

DECIDED AUGUST 25, 1913.

Accusation of gaming; from city court of Miller county—Judge Geer.　March 12, 1913.

*Bush & Stapleton,* for plaintiff in error.

*P. D. Rich, solicitor,* contra.