## MONTFORD v. THE STATE.

1. In the charge as given by the court the jury were sufficiently informed as to what would constitute an accomplice, and the failure to give the instruction contained in a written request upon that subject was not error.

2. Although the question whether an eye-witness to the commission of the crime with which the accused was charged was an accomplice was involved and it was material to inquire whether or not the witness referred to acted under the influence of threats and menaces when performing the acts which the defendant insisted made such a witness an accomplice, the court did not err in refusing the written request to charge upon the subject of one committing a crime or misdemeanor under threats or menaces which showed that his life or member was in danger; because, while the request in the main stated a correct and pertinent charge, there were certain inaccuracies in it; and that being true, it was not error for the court to refuse it.

3. The court did not err in refusing a request to give the following in charge to the jury: "In order to convict of murder on the testimony of an accomplice, the corroboration required by the law must be such as, independently of the testimony of the accomplice, goes to connect the prisoner with the offense; and it is not sufficient that the accomplice is corroborated as to facts and circumstances of the killing, where, independently of these facts, there is nothing to connect the defendant with the homicide." The charge requested is defective in that it requires, as corroboration, evidence which, independently of the facts

and circumstances of the killing, tends to connect the defendant therewith; and this states the law more strongly in favor of the accused than does the correct rule upon this subject.

4. Where in a criminal trial the judge has fully and fairly charged the jury concerning the law of reasonable doubt, he is not bound to repeat the instructions upon that subject when charging with reference to some particular or specially enumerated fact or facts.

5. The court was duly requested in writing to give the following in charge: "I charge you, gentlemen of the jury, that to overcome proof of guilt strong enough to exclude all reasonable doubt, that the burden is on the accused to verify his alleged alibi to the reasonable satisfaction of the jury; but I charge you that the defendant need not establish his alibi beyond a reasonable doubt; it is sufficient if he establishes to the reasonable satisfaction of the jury, and it is sufficient if the evidence tending to show an alibi, when considered in connection with all of the evidence of the case and the defendant's statement, raises a reasonable doubt of guilt in the minds of the jury; wherever the proof of alibi meets this test, it is the duty of the jury to acquit the defendant." As this request embodies a correct and pertinent legal principle which was not specifically or substantially covered in the charge as actually given, the failure to instruct the jury as requested was error.

6. There was no error in any of the rulings not specifically dealt with.

JANUARY 15, 1916.

Indictment for murder. Before Judge Kent. Laurens superior court. June 23, 1915.

*G. B. Davis, S. P. New, R. Earl Camp, W. D. McNeil,* and *P. S. Twitty,* for plaintiff in error.

*Clifford Walker, attorney-general, E. L. Stephens, solicitor-general,* and *Mark Bolding,* contra.

BECK, J. Ed Montford and John Gardner were jointly indicted for the murder of Herschel Beacham. Upon the trial of Montford a verdict of guilty, with a recommendation that he be imprisoned for life, was rendered. John Gardner was the only eye-witness to the killing, introduced on the trial. Numerous other witnesses testified to facts claimed by the State to be corroborative of the evidence of Gardner; and the record is swollen to large proportions with evidence offered to establish certain facts contended by the State to be corroborative of the sole eye-witness to the homicide. The defendant contended that Gardner was shown to be an accomplice, and insisted that no conviction could be had unless this witness was corroborated in one of the ways required by law for the corroboration of an accomplice. The State insisted, on the other hand, that Gardner, though he was present and did certain acts which might have made him a prin-

cipal or an accomplice, performed those acts under duress, and that, having participated in the crime under duress, he was not an accomplice. After a conviction the defendant moved for a new trial; and the motion having been overruled, he excepted.

1. The court did not err in refusing to give the following in charge to the jury: "The test, in general, to determine whether a witness is or is not an accomplice is the inquiry: could the witness himself have been indicted for the offense, either as principal or accessory? If he could not be so indicted, he is not an accomplice." The court gave section 1017 of the Penal Code, and also instructed the jury that "Participation in the commission of the same criminal act, and in the execution of a common criminal intent, is necessary to render one criminal in a legal sense,—an accomplice of another." This charge of the court gave the jury sufficient information as to what would constitute an accomplice, to enable them to determine, under the facts of the case, whether Gardner was an accomplice or not.

2. Under the evidence it was a question for the jury to determine whether Gardner, the principal witness for the State, was an accomplice and participated in the crime, the defendant contending that he was an accomplice; and the State contending that he was not an accomplice, because of the fact that the acts which constituted his participation in the commission of the homicide were committed under coercion of threats and menaces. Upon this subject counsel for the accused in writing requested the court to give the following in charge: "Where the State claims that any witness is not an accomplice, and the defendant, on the other hand, claims that the witness is an accomplice, because of duress, and the defendant claims that there was no duress, then it becomes a question of fact for the jury to settle and determine as to whether or not the witness was an accomplice, and as to whether or not such witness acted under duress; and in determining this question the jury can look to all the facts and circumstances of the case; and before the jury should find that the witness was forced by duress to take the part that he did take, provided the jury believe that he did in fact take a part, the jury ought to believe that the force or duress was of such a nature as to excite in the mind of such a witness a reasonable fear that his life was in danger, or that a felony was about to be committed upon him, and the facts and cir-

cumstances ought to be sufficient to cause the jury to believe that such witness was not guilty of any crime or offense." In section 41 of the Penal Code it is provided: "A person committing a crime or misdemeanor under threats or menaces, which sufficiently show that his life or member was in danger, or that he had reasonable cause to believe, and did actually believe, that his life or member was in danger, shall not be found guilty; and such threats and menaces being proved and established, the person compelling, by said threats and menaces, the commission of the offense, shall be considered a principal, and suffer the same punishment as if he had perpetrated the offense." Upon comparison of the request to charge with the code section just quoted, it will be seen that the requested instruction was in the main a correct statement of the law upon this subject. The threats and menaces which will excuse a person committing a crime under this influence are such as put him in fear that his life or member is in danger; in other words, that a felony which will put in jeopardy the life or the member of the person is threatened. But in the request to charge it is broadly stated that the threats or menaces employed to coerce an alleged accomplice must be such as to excite in his mind a fear that his life is in danger, "or that a felony is about to be committed upon him." The expression, "a felony," was entirely too broad, as it would relieve the witness alleged to be an accomplice if any felony was threatened, whereas he is relieved only in case a felony of the character described in this particular statute was threatened. And besides this inaccuracy in the charge, the term "duress" is employed; and this itself is inapt, because the word "duress," as employed in civil law, is not synonymous with the term "coercion," as employed in criminal law. *McCoy* v. *State,* 78 *Ga.* 490 (3 S. E. 768). The request being defective in the respects pointed out, the refusal of it did not constitute error, although a charge upon the subject dealt with in the request would have been pertinent as covering a material and important issue in the case.

3. The court was requested in writing to charge the jury in the following language: "In order to convict of murder on the testimony of an accomplice, the corroboration required by the law must be such as, independently of the testimony of the accomplice, goes to connect the prisoner with the offense; and it is not sufficient that the accomplice is corroborated as to facts and circumstances

of the killing, where, independently of these facts, there is nothing to connect the defendant with the homicide." This request states the rule of evidence too strongly in favor of the accused. So far as it states the rule to be, that, in order to convict of murder on the testimony of an accomplice, the corroboration required by law must be such as, independently of the testimony of the accomplice, goes to connect the prisoner with the offense, and that it is not sufficient that the accomplice be corroborated as to the facts and circumstances of the killing, it embodies a correct and pertinent principle of law; but when counsel preparing the request added the words, "where, independently of these facts, there is nothing to connect the defendant with the homicide," it made the statement of the rule in favor of the defendant stronger than he was entitled to have it stated; because, while the evidence relied upon as corroboration must, independently of the testimony of the accomplice, tend to connect the prisoner with the offense, the facts and circumstances of the killing may, in some instances, so tend to connect the defendant with the homicide as to supply the necessary corroboration of an accomplice. Had counsel for the accused limited their request to charge, upon the subject just dealt with, to that portion of the request which we have indicated as being a correct statement of the law, the court, no doubt, would have complied with it. *McCalla* v. *State,* 66 *Ga.* 346; *Knight* v. *State,* 143 *Ga.* 678 (85 S. E. 915).

4. Where in a criminal trial the judge has fully and fairly charged the jury concerning the law of reasonable doubt, he is not bound to repeat the instructions upon that subject when charging with reference to some particular or specially enumerated fact or facts. *Davis* v. *State,* 125 *Ga.* 299 (54 S. E. 126).

5. The court was duly requested in writing to charge the jury as follows: "I charge you, gentlemen of the jury, that to over-- come proof of guilt strong enough to exclude all reasonable doubt, that the burden is on the accused to verify his alleged alibi to the reasonable satisfaction of the jury; but I charge you that the defendant need not establish his alibi beyond a reasonable doubt; it is sufficient if he establishes to the reasonable satisfaction of the jury, and it is sufficient if the evidence tending to show an alibi, when considered in connection with all of the evidence of the case and the defendant's statement, raises a reasonable doubt of guilt

in the minds of the jury; wherever the proof of alibi meets this test, it is the duty of the jury to acquit the defendant." We are of the opinion that the refusal to give this instruction as requested was error. It appears, from the copy of the court's charge as set out in the record, that the court did actually charge the jury upon the subject of alibi as follows: "Alibi as a defense involves the impossibility of the prisoner's presence at the scene of the offense at the time of the commission; and the range of evidence in respect to time and place must be such as reasonably to exclude the possibility of presence." No demonstration is required to show that the instruction upon the subject of alibi as actually given was not as full and complete as that embodied in the request to charge, and did not cover the request literally or in substance. The defendant was entitled to have the instruction contained in the request given, if not literally, at least in substance (*Harrison* v. *State*, 83 *Ga.* 129 (3), 132, 9 S. E. 542), and the failure of the court to give the same was error.

6. There were other grounds of the motion for a new trial, complaining of the court's refusal of certain other requests to charge; but there was no error in refusing the requests not specifically dealt with, as they were defective in that they did not state correct principles of law, or were argumentative, or were sufficiently covered by the general charge. There were no errors in any of the other rulings upon which error is assigned.

*Judgment reversed. Fish, C. J., absent. Evans, P. J., and Lumpkin, J., dissent. The other Justices concur.*