### 16755.   DURDEN v. THE STATE.

BROYLES, C. J.   1. The alleged newly discovered evidence is largely cumulative and impeaching in its character, and it is apparent that much of it must have been known to the defendant before his trial. Moreover, the supporting affidavit (required by section 6086 of the Civil Code of 1910) as to the residence, associates, means of knowledge, character, and credibility of the newly discovered witnesses, is absolutely silent as to their associates.  The judge, therefore, did not abuse his discretion in refusing the grant of a new trial on this ground.  *Ivey* v. *State,* 154 *Ga.* 63 (6)  (113 S. E. 175).

2. The ground of the motion for a new trial, based upon the alleged fact that "the State's witnesses led him [the defendant] to believe that they were not going to testify against him, and that movant relying upon their statements naturally thought that the case would be nolle prosequied upon the call," is without merit.

3. The evidence authorized the verdict.  It was the privilege of the jury to believe the testimony of the two witnesses introduced by the State, in preference to that of the numerous other witnesses whose testimony, if believed by the jury would have successfully impeached the witnesses for the State.  *Cook* v. *State,* 13 *Ga. App.* 308 (3) (79 S. E. 87).

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 10, 1925.

Accusation of selling liquor; from city court of Metter—Judge Cowart presiding.   July 24, 1925.

*Kirkland & Kirkland,* for plaintiff in error.
*L. C. Anderson, solicitor,* contra.