# HOLMES *v.* THE STATE.

No. 14357.   NOVEMBER 10, 1942.

851

*Thomas W. Johnson* and *Thomas A. Jacobs Jr.*, for plaintiff in error.

*Ellis G. Arnall, attorney-general, Charles H. Garrett, solicitor-general,* and *Claude Shaw, assistant attorney-general,* contra.

GRICE, Justice. 1. While it has often been said that explanatory definitions of "reasonable doubt" are not to be commended (*Parker* v. *State,* 3 *Ga. App.* 336, 59 S. E. 823; *Clay* v. *State,* 4 *Ga. App.* 142, 60 S. E. 1028; *Norman* v. *State,* 10 *Ga. App.* 802, 804, 74 S. E. 428), and that they are plain English words, and elaborate discussions and amplifications of them often fail to result in elucidation (*Campbell* v. *State,* 144 *Ga.* 224, 87 S. E. 277), because attempting to define the word "reasonable" when applied to reasonable doubt "is trying to count what is not number, and to measure what is not space" (*Cook* v. *State,* 13 *Ga. App.* 308, 79 S. E. 87; *Floyd* v. *State,* 58 *Ga. App.* 867, 200 S. E. 207; *Bone* v. *State,* 102 *Ga.* 387, 392, 30 S. E. 845; *Battle* v. *State,* 103 *Ga.* 53, 29 S. E. 491); and further, because the phrase explains itself and the meaning is obvious and will be readily appreciated by the average person, without further explanation (*Nelms* v. *State,* 123 *Ga.* 575, 51 S. E. 588), yet it has also been held that a charge to the jury on that subject, though somewhat elaborate in its definition, if it contains no erroneous statement of the law, will not work a reversal. *Campbell* v. *State,* supra.

2. Having charged the jury that the burden was on the State to prove the guilt of the accused beyond a reasonable doubt, it

is not cause for new trial that the judge further instructed the jury in effect as follows: (a) A reasonable doubt is just what the term implies. It is a doubt based on reason, a doubt for which you can give a reason. *Mundy* v. *State,* 9 *Ga. App.* 835 (4) (72 S. E. 300); *Vann* v. *State,* 83 *Ga.* 44 (9 S. E. 945); *Jordan* v. *State,* 130 *Ga.* 406 (60 S. E. 1063); *Arnold* v. *State,* 131 *Ga.* 494 (62 S. E. 886). (b) It is not a fancy or conjecture or supposition that the defendant might be innocent, but it is such a doubt as a reasonable man would have, act upon, or decline to act upon in a matter of importance or grave concern to him. *Clay* v. *State,* supra; *Parker* v. *State,* supra; *John* v. *State,* 33 *Ga.* 257. (c) In other words, it is the doubt of a fair-minded, impartial juror, honestly seeking for the truth; and it may arise from a consideration of the evidence, or from a conflict of evidence, or from the statement of the defendant. *Miller* v. *State,* 94 *Ga.* 1 (21 S. E. 128); *O'Dell* v. *State,* 95 *Ga.* 333 (22 S. E. 548).

3. A ground of a motion shows no reason for the grant of a new trial which complains that the judge, without request, should have charged the jury that a particular fact which was a necessary ingredient of the offense charged should be shown by the evidence to a reasonable certainty; the charge in several places containing an instruction to the effect that unless the State proved its case beyond a reasonable doubt the defendant should be acquitted. "It is not incumbent upon the court to carve the case or the evidence into different propositions, and apply the rule of reasonable doubt to one or more of them severally." *Carr* v. *State,* 84 *Ga.* 250 (10 S. E. 626). See *Smith* v. *State,* 124 *Ga.* 213 (52 S. E. 329); *Davis* v. *State,* 125 *Ga.* 299 (54 S. E. 126); *Nance* v. *State,* 126 *Ga.* 95 (54 S. E. 932); *Fargerson* v. *State,* 128 *Ga.* 27 (2) (57 S. E. 101); *Montford* v. *State,* 144 *Ga.* 582 (87 S. E. 797); *Bell* v. *State,* 148 *Ga.* 352 (96 S. E. 861).

4. A ground of the motion which avers that the court erred in failing to charge the jury "that if the defendant made an assault on the prosecutrix and beat her, but that he did not penetrate her female organ of generation with the male organ of generation, he would not be guilty of the offense of rape," is without merit, when, as here, the record discloses that the jury was charged: "In order for the alleged crime of rape to be made out, it must be proven beyond a reasonable doubt that there was a penetration of the fe-

male organ of generation or the private parts of the female by the male organ of generation of the male. This penetration may be great or slight, but there must be a penetration, either great or slight, in order for the alleged crime of rape to be consummated."

5. Where the evidence on behalf of the State, if true, proved a felonious assault, the accused denying that he committed any assault upon the female, but instead introduced testimony to sustain his defense of alibi, it was not error to omit to charge on the law of assault and battery, since under any view of the evidence the offense of assault and battery was not involved. *Wade* v. *State*, 11 *Ga. App.* 411 (5) (75 S. E. 494); *Langston* v. *State*, 23 *Ga. App.* 82 (4) (97 S. E. 444); *Finney* v. *State*, 51 *Ga. App.* 545 (181 S. E. 444). See *Haden* v. *State*, 176 *Ga.* 304 (168 S. E. 272).

6. In a rape case, penetration may be proved as well by indirect or circumstantial evidence as by direct evidence. *Wesley* v. *State*, 65 *Ga.* 731 (4); *Ravenel* v. *State*, 153 *Ga.* 130 (2) (111 S. E. 643); *Haden* v. *State*, supra.

7. There was ample evidence on the trial to show that the crime of rape had been committed on the person of the prosecutirx at the time and place alleged in the indictment. She testified positively that the accused was the perpetrator of the crime; and some circumstances, if believed, tended to corroborate her testimony that he was the assailant. The accused made proof of his good character. There was evidence for the defense, tending to show that she could not have identified him, the assault being at night along a path or alley way not in close proximity to a light. A large number of witnesses for the accused testified as to facts which, if true, made it impossible for him to have been present at the scene of the crime when it was committed. It was, however, the province of the jury to judge of the credibility of the witnesses, and to determine what was the truth of the case. The evidence authorized the verdict of guilty. None of the grounds of the motion are of a character to justify this court to set aside the finding. The judge who tried the case declined to grant a new trial, thus approving the verdict. An affirmance necessarily follows.

*Judgment affirmed. All the Justices concur.*