BROCK *v.* THE STATE.

CANDLER, Justice. A grand jury in the Superior Court of Floyd County indicted Henry Brock, *alias* Son Brock, charging him with the murder of Mrs. Henry Brock, his estranged wife. He was convicted, without a recommendation, of the offense charged, and in *Brock* v. *State,* 206

*Ga.* 397 (57 S. E. 2d, 279), we reversed the conviction upon the ground that the court erred on the trial in refusing to allow certain non-expert witnesses for the defendant to give their respective opinions of the mental condition of the accused at the time of the commission of the act for which he was then on trial, after first relating the facts upon which it was based. On a second trial, he was again convicted of murder and sentenced to be electrocuted. A motion for a new trial, based on the usual general grounds, was timely filed and afterwards amended by adding a ground complaining of the court's failure to charge the law of voluntary manslaughter. His amended motion was overruled and error was assigned on that judgment. *Held*:

1. The evidence, though conflicting as to whether or not the accused at the time of the commission of the act with which he was charged had reason sufficient to distinguish between right and wrong with reference thereto, was abundantly sufficient to support the verdict of guilty, and the general grounds of the motion are, therefore, without merit.

2. Neither the evidence nor the prisoner's statement before the jury required or authorized a charge on the law of voluntary manslaughter, and for that reason the special ground of the amended motion is not meritorious. In all cases of voluntary manslaughter, there must be both provocation as the statute provides and passion. The provocation must come from an assault or an attempt to commit a serious personal injury, or from circumstances which are equivalent to an assault or an attempt to commit a serious personal injury on the person killing. *Mize* v. *State,* 135 *Ga.* 291, 297 (69 S. E. 173). And provocation by words alone will not reduce an unlawful homicide from murder to voluntary manslaughter. Code, § 26-1007; *Jackson* v. *State,* 160 *Ga.* 565 (128 S. E. 679); *Fargerson* v. *State,* 128 *Ga.* 27 (57 S. E. 101). In his statement the defendant said that he met his wife, from whom he was separated, on a named street in the City of Rome; that she refused to talk with him about a reconciliation; that his mind then left him or went blank; and that he did not know that he had killed her then until he was informed about it later. The several eyewitnesses to the killing testified that the accused, armed with a shotgun, met his estranged wife on a public street in Rome during the afternoon of December 28, 1948, between one and two o'clock; that he got off of his bicycle and told her that he wanted to talk to her; that she replied to him by saying that she did not want to talk to him; that he immediately thereafterwards shot and killed her; and that he then got back on his bicycle and left the scene of the homicide. The record shows that the deceased did nothing to the accused at the time of the shooting, except tell him that she did not want to talk to him.

For the reasons stated, no error is shown and the judgment complained of must be permitted to stand.

*Judgment affirmed. All the Justices concur.*

No. 17527. Submitted July 9, 1951—Decided September 10, 1951.

320

*Hicks & Culbert,* for plaintiff in error.

*Eugene Cook, Attorney-General, John W. Davis, Solicitor-General, Alec Harris, Solicitor pro tem.,* and *J. R. Parham, Assistant Attorney-General,* contra.