## 22878. GRAVITT v. THE STATE.

SUBMITTED MARCH 9, 1965—DECIDED APRIL 8, 1965.

*James R. Venable*, for plaintiff in error.

*William T. Boyd, Solicitor General, J. Walter LeCraw, William E. Spence, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General*, contra.

HEAD, Presiding Justice. Charles William Orr, Bige Edwin Hamby, and Jerry Eugene Gravitt were charged with robbery by the use of an offensive weapon. It was charged that the date of the robbery was April 24, 1964, and that the money taken was the property of Colonial Stores, Inc. On the separate trial of Jerry Eugene Gravitt the jury found him guilty and sentenced him to a term of imprisonment of not less than ten years and not more than fifteen years. His motion for new trial, as amended, was denied, and the exception is to this judgment.

The defendant contended in his statement that he did not participate in the robbery described by employees of Colonial Stores, Inc., and he introduced witnesses who testified that he was at another place at the time of the robbery. Charles William Orr, who had pleaded guilty to the indictment, testified on the trial that Jerry Eugene Gravitt participated in the robbery. This testimony was corroborated by employees of Colonial Stores, Inc., who identified the defendant on trial as one of the

three men who participated in the robbery, and by other evidence connecting him with the offense. The jury was authorized to find that the defendant was guilty of the offense charged, and it was not error to overrule the general grounds of the motion for new trial.

■ Ground 4 of the amended motion for new trial asserts that the trial judge erred in charging the jury that they would be authorized to find the defendant guilty of robbery as charged in the bill of indictment if they believed beyond a reasonable doubt that he committed the offense "at any time within seven years next preceding the date" that the bill of indictment was returned. It is asserted that the State had charged in the indictment that the crime was committed on April 24, 1964, and the defendant in his statement explained where he was on this date. It is contended that the charge complained of was misleading to the jury in that they could understand from it that the defendant would be required to show the impossibility of his presence at the place of the commission of the robbery during the entire period of the statute of limitation of seven years, instead of only at the time and place of the commission of the crime as shown by the evidence of the State.

It is the general rule that evidence of guilt is not restricted to the day mentioned in the indictment, but may extend to any day previous to the finding of the bill and within the statute of limitation for the prosecution of the offense. *Robinson v. State,* 209 Ga. 650 (7) (75 SE2d 9); *McGruder v. State,* 213 Ga. 259 (1) (98 SE2d 564).

In *Fortson v. State,* 125 Ga. 16 (53 SE 767), this court held that it was erroneous to charge: "An alibi, to be established in this case, the defendant would have to show that he was not at the place on the day as alleged in the indictment, and at all times within the statute of limitations, at any date on which the State relied for conviction." It was held that this charge erroneously imposed upon the accused the burden of accounting for his presence during every day for two years next preceding the date of the accusation.

In the present case the judge correctly and fully charged the jury on the defense of alibi. There is nothing in the part of the

charge claimed to be erroneous which indicates that the defendant would be required to account for his presence during the period of the statute of limitation. All of the State's evidence showed that the robbery occurred on the date charged in the indictment, at the time the store was closing. The evidence for the defendant supporting his contention that he was not at the scene of the crime at the time of its commission related to this same date and time. In order to convict the defendant the jury must have believed that he committed the crime on the date charged in the indictment. The charge complained of was not erroneous. *Carr v. State,* 95 Ga. App. 513, 517 (5) (98 SE2d 231).

■ Ground 5 contends that the following charge was erroneous: "If from the evidence and the defendant's statement and all the reasonable deductions therefrom, the theory of innocence is not equally consistent and reasonable with the theory of guilt based on proved facts, the jury would be authorized to convict a defendant and the jury would not be compelled to acquit such defendant provided the jury believed beyond a reasonable doubt that the defendant is guilty as charged in the indictment upon which he is being tried."

While the latter part of this sentence refers to the burden of the State to prove the guilt of the defendant beyond a reasonable doubt, the first part of the sentence is not a correct statement of the rule in criminal cases as to the burden of proof of the State. The judge instructed the jury that if under the evidence and the defendant's statement the theory of innocence was not equally consistent and reasonable with the theory of guilt, they would be authorized to convict the defendant. This portion of the charge was misleading and confusing to the jury, and would require the grant of a new trial. Compare *Patterson v. State,* 181 Ga. 698, 702 (184 SE 309).

■ In ground 6 an excerpt from the charge is quoted in which the judge was charging on the rule that in a felony case the testimony of an accomplice is not sufficient to establish a fact, but must be corroborated by other testimony. The defendant assigns as erroneous the statement of the judge that "the case now on trial is a felony." It is contended that this was "an

expression of opinion by the trial judge that the case was proved as a felony and should be so treated by the jury." There is no merit in this contention.

■ Ground 7 quotes a colloquy between the trial judge and counsel for the defendant. It is asserted that the judge's remark in regard to the cross examination of counsel for the defendant of an alleged accomplice of the defendant that, "you put him under a severe cross examination," was an expression of opinion by the trial judge as to the severity of the cross examination of this witness for the State, and was prejudicial to the defendant; and that it contravened *Code* § 81-1104, providing that it is error for the judge during the progress of a case to express or intimate his opinion as to what has or has not been proved. The statement of the judge did not amount to an expression or intimation of opinion as to what had or had not been proved on the trial. If counsel felt that the remark was prejudicial to the defendant, he should have objected to it at the time. Since no objection or motion to declare a mistrial was made at the time, an assignment of error in a motion for new trial can not be considered by this court. *Coates v. State*, 192 Ga. 130 (3) (15 SE2d 240).

■ Ground 10 asserts that the right to a thorough and sifting cross examination of the witness Charles Simmons was abridged. "While the right to a cross examination, thorough and sifting, shall belong to every party as to the witnesses called against him (*Code* § 38-1705), yet the scope of the cross examination rests largely within the discretion of the trial judge, to control this right within reasonable bounds, and his discretion will not be controlled by a reviewing court unless it is abused." *Post v. State*, 201 Ga. 81, 84 (39 SE2d 1). This ground does not show any abuse of discretion of the trial judge in controlling the scope of the cross examination of this witness.

■ Ground 11 contends that the charge on conspiracy was erroneous because it failed to require the material allegations with respect to the alleged accomplices set out in the indictment to be proved beyond a reasonable doubt. This court has repeatedly held that: "It is not incumbent upon the court to carve the case or the evidence into different propositions, and apply

■

the rule of reasonable doubt to one or more of them severally." *Carr v. State,* 84 Ga. 250 (4) (10 SE 626); *Barnes v. State,* 113 Ga. 189 (2) (38 SE 396); *Carter v. State,* 121 Ga. 360 (49 SE 280); *Smith v. State,* 124 Ga. 213 (2) (52 SE 329); *Davis v. State,* 125 Ga. 299 (4) (54 SE 126); *Cress v. State,* 126 Ga. 564 (3) (55 SE 491); *Tolbert v. State,* 127 Ga. 827 (1) (56 SE 1004); *Fargerson v. State,* 128 Ga. 27 (2) (57 SE 101); *Geer v. State,* 184 Ga. 805 (5) (193 SE 776); *Holmes v. State,* 194 Ga. 849, 852 (3) (22 SE2d 808). In the present case the trial judge fully charged on the law of reasonable doubt, and it was not error to fail to charge on reasonable doubt in connection with the charge on conspiracy.

■ Ground 8 asserts that the testimony of John W. Stump was illegally withheld from the jury. This witness on direct examination testified that he had known the defendant about sixteen and one-half years, and that he was acquainted with his general character and reputation in the City of Atlanta and "the community around here." When asked, "Is that character, that is what people generally say about him, good or bad?", he replied: "Speaking for myself, I know that what I know is good. I've not heard anybody say anything bad about him." In reply to the question as to whether what people say about him being honest and forthright is good or bad, he replied: "It is good."

On cross examination this witness was asked: "In fact, you've never heard anybody say anything good about him, you have not heard, period, have you?" He replied: "Well, that's true. I know myself." The State moved to strike the testimony of the witness, and the judge asked him: "You've never heard anybody in the community say anything good or bad about him?" The witness replied, "Well, just what I know about him." The judge then instructed the jury to dismiss the testimony from their minds.

Ground 9 asserts that the testimony of Ray Duncan was illegally withheld from the jury. This witness testified on direct examination that he had known the defendant about six years and was acquainted with what people generally say about him in the community where he lives. When asked what people generally say about the defendant's general character and reputa-

tion for forthrightness and honesty, the witness replied that he had never heard anyone say anything bad about the defendant. Replying to the question as to whether the defendant's reputation was good or bad, the witness stated: "You always hear that he is a good boy."

On cross examination this witness was asked: "You said you had never heard anything bad about him?" The witness replied: "No, sir, sure haven't." He was then asked if he had ever heard anything anybody said good about the defendant, and he replied, "Well, not particularly, no." The judge then asked the witness: "You have heard nothing good nor bad?" The witness replied: "That's right." The judge then ruled out the testimony and instructed the jury to disregard it.

When an accused seeks to prove his good character as a defense to the charge against him, a witness offered by him should testify on direct examination as to his general reputation in the community in which he lives; and the witness should not give his personal opinion as to the uprightness and integrity of the accused. *Peeples v. State,* 103 Ga. 629 (29 SE 691); *Wilson v. State,* 190 Ga. 824, 829 (3) (10 SE2d 861); *Richmond v. State,* 210 Ga. 403, 405 (3) (80 SE2d 178). Each of the character witnesses whose testimony was excluded in the present case testified on direct examination that he knew the general reputation of the defendant and that it was good. Each testified that he had known the defendant for some period of time. The fact that a witness has known an accused for a considerable period of time and has never heard anyone speak ill of him is some evidence that the reputation of the accused is good. *Taylor v. Smith,* 16 Ga. 7 (1); *Flemister v. State,* 81 Ga. 768 (7 SE 642); *Hodgkins v. State,* 89 Ga. 761 (1) (15 SE 695); *Powell v. State,* 101 Ga. 9, 17 (29 SE 309, 65 ASR 277); 22A CJS 711, Criminal Law, § 677 (4).

"The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." *Code* § 38-1805. "Ordinarily . . . mere contradictions or ambiguities in the testimony of one *who is not a party to the case* do not require a rejection of his entire testimony, but the truth is to be determined by the jury." *Wallis v. Watson,* 184 Ga. 38,

40 (190 SE 360). If, under the entire testimony of each of these witnesses, it had appeared that his testimony as to the character and reputation of the defendant was based entirely on his personal opinion, the trial judge could properly have excluded his testimony. Since these witnesses testified on direct examination that they were acquainted with the character and reputation of the defendant and it was good, even though they made contradictory statements on cross examination as to the basis of their testimony, the trial judge in excluding their testimony was asserting the right to determine the credibility of these witnesses, a right belonging only to the jury. This court has no way of knowing whether the improper exclusion of the testimony of these two witnesses as to the good character of the defendant may have affected the verdict, and we must reverse the judgment of the trial court refusing to grant him a new trial.

*Judgment reversed. All the Justices concur.*