### 23988. EPPERSON v. THE STATE.

DUCKWORTH, Chief Justice. 1. Rape being the carnal knowledge of a female forcibly and against her will, and the defendant having admitted having sexual intercourse with the prosecutrix but claiming it was with her consent, and she testifying that it was forced upon her, and the evidence being, at most, conflicting as to whether force was used, the verdict and sentence was not contrary to law and evidence, and against the weight of or without evidence to support it. *Code* § 26-1301; *Byrd v. State,* 187 Ga. 328 (200 SE 671). The enumeration of error complaining of the above is without merit.

2. The charge of the court, taken as a whole, simply states that the jury should acquit the defendant if they did not believe he was guilty of any crime charged in the indictment or if the jury entertained a reasonable doubt as to his guilt of any crime, the court having charged on the lesser offense of

assault and battery. The charge is not subject to the criticism that it authorized the jury to go beyond the bounds of the indictment to find the defendant guilty of other crimes such as fornication, kidnapping or other criminal conduct. The charge correctly presented the whole case, and it was not incumbent upon the court to repeat the doctrine of reasonable doubt in connection with the part of the charge on the lesser offense. See *Smith v. State,* 124 Ga. 213 (52 SE 329); *Gravitt v. State,* 220 Ga. 781 (7) (141 SE2d 893), and citations at page 786. None of the enumerations of error as to the charge is meritorious.

*Judgment affirmed. All the Justices concur.*
SUBMITTED MARCH 13, 1967—DECIDED MARCH 23, 1967.

*Garland & Garland, Reuben A. Garland, Edward T. M. Garland,* for appellant.

*Edward E. McGarity, Solicitor General, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Hardaway Young, III,* for appellee.