62772. HARRIS v. THE STATE.

SHULMAN, Presiding Judge.
Appellant was indicted for murder and was convicted of voluntary manslaughter in the death of Larry Hardeman. Appellant now raises the general grounds and questions several actions taken by the trial court.

1. After a review of the transcript, we conclude that the state presented sufficient evidence for a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of the voluntary manslaughter of the decedent. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). From the evidence presented, the jury could determine that appellant had stabbed the victim twice during a scuffle provoked by the victim hitting the appellant in the head with an empty wine bottle.

2. In his second enumeration of error, appellant asserts that the trial court erred when it instructed the jury to disregard the testimony of three defense character witnesses. On direct examination, each of the witnesses in question testified to familiarity with the defendant's character in the neighborhood. In response to the prosecuting attorney's attempt, on cross-examination, to establish the basis of the witness' knowledge of the defendant's character, each witness stated that her testimony was based upon her personal knowledge of the defendant, and none of the character

witnesses stated that she had never heard anything bad about the defendant. In light of each witness' testimony taken as a whole, the trial court properly excluded the testimony from the consideration of the jury. *Simpkins v. State,* 149 Ga. App. 763 (1) (256 SE2d 63). Compare *Gravitt v. State,* 220 Ga. 781 (8), 788 (141 SE2d 893). *Powell v. State,* 101 Ga. 9 (1) (29 SE 309), cited by appellant, is not inapposite from this holding. There, the trial court restricted the testimony with respect to the victim's character to that known in the community, and testimony emanating from the personal knowledge of each witness was not allowed.

3. Lastly, appellant maintains that the trial court should not have charged the jury on the law of admissions and incriminating statements. When asked if he had any objection to the charge, counsel for the defendant responded in the negative. Thus, the question has not been preserved for appeal and will not be considered by this court. *White v. State,* 243 Ga. 250 (253 SE2d 694).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 22, 1982.

T. V. *Mullinax,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard Hicks, Assistant District Attorneys,* for appellee.