MADDEN *et al. vs.* THE STATE OF GEORGIA.

Where the defense of a criminal case rested largely on the doctrine of reasonable doubts, and the attention of the court was called to that feature of the case by a request to charge, even though the request as made may not have been strictly legal, yet it was the duty of the court to have charged the law on that branch of the case, and an entire failure so to do will necessitate a new trial.

Criminal Law. Charge of Court. Before Judge WIL-LIS. Muscogee Superior Court. November Adjourned Term, 1880.

Madden *et al.* were indicted for robbery. The testimony for the state was to the effect that Madden snatched money from the hands of the prosecutor and Miller aided him in the transaction. The testimony for the defendants was to the effect that they won the money betting on a mode of drawing certain cards from among a number of others. The counsel for the defendants asked a

charge on the subject of reasonable doubts, which it is unnecessary to set out in detail. The court refused the charge, and gave no charge on that subject. The jury found a verdict of guilty. Defendants moved for a new trial, which was refused, and they excepted.

CAREY J. THORNTON; W. F. WILLIAMS, for plaintiffs in error.

H. BUSSEY, solicitor-general, by JOHN PEABODY, for the state.

JACKSON, Chief Justice.

The defendants were convicted of robbery and among other errors assigned is one that the presiding judge refused to give to the jury a written charge on the subject of reasonable doubts.

Assuming that the request as made was not in all respects such as the judge should have given, yet as his attention was thereby called to the subject of reasonable doubts, and to the fact that the defendants rested their defense largely on this great principle of criminal law, it was his duty to give it to the jury substantially and clearly in his own language. But in the entire charge, which is spread out in full in the record, reasonable doubts are ignored, and the law of civil not criminal cases is given to the jury as the *quantum* of evidence necessary to convict.

It was a case in which the law of reasonable doubts should have been given in charge, because the guilt of defendants of the crime charged turned on the testimony of one witness, while their theory of the case, to-wit, that they won the money by a trick at cards, was supported by more than one witness; and it was proper that the jury should have passed on the issue whether or not they were satisfied beyond a reasonable doubt that the state's theory was the truth of the case.

We do not mean to say that they could not on the tes-

timony have found the verdict of guilty, and believed one witness and disbelieved all the others, and been satisfied beyond a reasonable doubt of the truth of the one and of the falsehood of all the others; but we do mean to say that it is for the jury to pass on that issue, and to weigh the testimony by weight of character and standing and all the circumstances of the case. Often one witness ought to outweigh a dozen, and no tribunal is so competent to hold the scales as a jury of the vicinage; but in every criminal trial they should be instructed that in criminal cases they must be satisfied beyond a reasonable doubt that the weight on the side of guilt preponderates so as to exclude that doubt—not a mere vague, imaginary doubt, but a reasonable doubt growing out of the conflict of testimony, or springing rationally from the want of testimony.

However bad these defendants may be, and their defense shows their characters, admitting the decoy and cheating of this man at cards out of his money, and thus violating the law, nevertheless they are entitled to be tried according to law, and we feel constrained to grant them a new trial for this error of the presiding judge.

We see nothing else in the record which would have required or authorized this court to interfere.

The judgment is reversed on the ground that the court erred in not giving in charge to the jury the law of reasonable doubts. See 56 *Ga.*, 113; 59 *Ib.*, 457.

Judgment reversed.