dence in this case, there should be any reasonable doubt upon your minds, growing out of the evidence or want of the evidence, as to the age of the defendant at the time of the alleged commission of the offence with which he stands charged, then it would be your duty to give the defendant the benefit of such doubt and to fix his age under fourteen years.

"Before the jury can find that this defendant had that knowledge of the distinction between good and evil, which is required under the laws of Georgia to make him criminally responsible for the commission of the alleged offence of which he stands charged, you must be satisfied beyond any reasonable doubt, that the defendant understood the nature and the consequence of the crime charged against him, provided the jury shall determine from the evidence that he was under fourteen years of age at the time of the alleged commission of the crime with which he stands charged.

"In order for the State to show that the defendant knew good from evil, evidence must be submitted for your consideration which shall support and clearly prove such knowledge. The fact of the homicide is not of itself sufficient, nor is the proof of flight sufficient." This request to charge was given in connection with the other requests to charge upon the age of the defendant, his age being one of the issues in the case.

W. DESSAU, M. D. JONES and W. J. GRACE, for plaintiff in error.

W. A. LITTLE, attorney-general, and W. H. FELTON, Jr., solicitor-general, by JOHN L. HARDEMAN, *contra.*

PEASE *v.* THE STATE.

1. The absence of witnesses is no ground for setting aside a verdict when it does not appear that a continuance was asked on the ground of such absence, and it does appear that every reasonable

facility for obtaining the presence of the witnesses was extended to counsel for the accused by the presiding judge.

2. When counsel improperly and repeatedly interrupts opposing counsel while engaged in addressing the jury, it is not error for the presiding judge to direct the former to take his seat.

3. A new trial will not be granted on the ground of newly discovered evidence the effect of which would simply be to impeach witnesses who testified against the movant at the trial, especially when it appears that by the exercise of due diligence this evidence might easily have been ascertained and the attendance of the witness procured.

4. Alleged newly discovered evidence tending to show that the killing of the deceased by the accused was justifiable homicide in self-defence, is no ground for a new trial when the defence set up by the prisoner in his statement was killing by misadventure, and there is no affidavit in the record deposing to the credibility of the newly discovered witness, and when under all the evidence in the case there is no probability that the evidence of this witness would change the result of the former trial.

5. There was no error in the various rulings of the court complained of; the evidence fully warranted the verdict, and a new trial was properly refused.　　　　　　　　　　　　　*Judgment affirmed.*

October 12, 1892.

Before Judge GOBER. Cobb superior court. Special term, July, 1892.

Pease was convicted of the murder of Houseworth. A motion for new trial was overruled, and the defendant excepted. The head-notes sufficiently indicate the grounds of the motion, and a further report is needless.

H. B. Moss, for plaintiff in error.

W. A. LITTLE, attorney-general, and G. R. BROWN, solicitor-general, by brief, *contra.*

---

## HALE *v.* THE STATE.

1. The evidence warranted the verdict.

2. Newly discovered evidence which only tends to discredit a witness who testified on the trial, is not cause for granting a new trial, especially where it is not shown by affidavits of the accused and his counsel that they did not know of the evidence at the time of the trial.