### 195.    BARKER *v.* THE STATE.

No error of law having been committed, and the evidence, although weak, being sufficient, in the opinion of the jury, to warrant the verdict, the judgment refusing to grant a new trial is affirmed.

Indictment for kidnapping, from Henry superior court—Judge Reagan. December 22, 1906.

Submitted February 18,—Decided February 21, 1907.

*R. L. Berner, J. F. Wall,* for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general, W. P. Bloodworth,* contra.

HILL, C. J. An indictment under the Penal Code, §110, charged E. M. Barker and another with the violation of that section, in that they "did . . unlawfully, and with force and arms, fraudulently lead and carry away Maggie Lunsford and Becksey Lunsford, each being under the age of eighteen years, from their parent, against his will and without his consent." On his trial, Barker was convicted of the offense charged. He filed a motion for a new trial, which was overruled, and this judgment is complained of, and brought here for review. Besides the formal and usual grounds, certain special grounds of error are added by amendment to the motion. The court approved the 1st, 2d, 3d, 4th, and 7th grounds of the amended motion, and refused to approve the 6th, 8th, 9th, and 10th grounds.

The 1st and 3d grounds are objections to the admission of testimony, and can be considered together. In the 1st ground it is said that the court committed an error in admitting the following testimony of Maggie Lunsford, one of the girls enticed and led away from her parent. "He [defendant] said I must go with him." In the 3d ground the testimony objected to was by the same witness, and was as follows: "He [defendant] almost made me meet him." This testimony was objected to on the ground that it indicated that force had been used by the defendant, and

the indictment did not so charge. Whether this testimony was admissible can not be very satisfactorily determined without reference to the brief of the evidence in the case, and this court might well refuse to consider the objection for this reason, following the decisions of the Supreme Court that the court will, in order to determine whether the ruling is erroneous, look only to what is set forth in the ground itself. "Under no circumstances can an incomplete ground be made complete by a reference to the brief of evidence." *Seaboard Air-Line Ry.* v. *Phillips,* 117 *Ga.* 106. But we do not think that there is any merit in the objection to this testimony. The force contemplated in this section is either actual physical force, or force by putting in fear. The language objected to, used by the witness, clearly applies to the force of entreaty or persuasion which the defendant used to accomplish his purpose and induce her to go with him.

The 2d ground of the amended motion is that the court erred in allowing the solicitor-general to ask the witness a leading question, such witness being the State's witness, and nothing indicating her unwillingness to testify. The court, in an explanatory note to his approval of this ground, states that "the witness was very reluctant to answer any questions, and after repeated efforts on the part of the counsel and the court to get her to answer the questions, without success, the court allowed the solicitor-general to ask the leading questions referred to." Leading questions are permitted to the party calling the witness, in the discretion of the trial court (Penal Code, §1019); and only in extreme cases, if at all, will a reviewing court order a new trial because leading questions were propounded to the witness. *Parker* v. *Georgia Pacific Ry. Co.,* 83 *Ga.* 539 (1).

The 4th ground of the amended motion complains of an answer made by one of the female witnesses to a question asked by the attorney for the defendant. The question was as follows: "Now, I understand, Miss Lunsford, that neither of the Barkers said anything or did anything to you to induce you to go away, but you went away of your own accord?" To which she answered: "No, sir; they made me go." The objection urged against the admission of this testimony was that it "illustrates force, and there was no force charged in the indictment." This point has been fully covered by this opinion on the 1st and 3d ground of the amended

motion. An examination of the brief of evidence clearly shows that the witness was not alluding to actual physical force or intimidation, but the force of persuasion and urgency.

The 7th ground of the amended motion complained that the court did not instruct the jury as to the meaning of the words "reasonable doubt." The charge of the court on this point is as follows: "The defendant goes into the trial of the case with the presumption of innocence in his favor, and that presumption remains with him until it is overcome by proof. The burden is on the State to make the guilt of the defendant appear to your satisfaction beyond a reasonable doubt. If you have a reasonable doubt of his guilt, it is your duty to give him the benefit of it and acquit him." And in charging the jury on certain elements which were necessary to constitute the offense, the court, in each case, told them that they must believe that such facts existed beyond a reasonable doubt. In the case of *Battle* v. *State,* 103 *Ga.* 57, Mr. Justice Little, in delivering the opinion of the court, in ruling on a point similar to the one now under consideration, used the following language: "It hardly seems to be necessary to add to the words 'reasonable doubt' any other words explanatory of their meaning. Mr. Bishop, in the first volume of his New Criminal Procedure, says: 'There are no words plainer than "reasonable doubt," and none so exact to the idea meant. Hence some judges, it would seem, wisely decline attempting to interpret them to the jury.'' In the language of that eminent English jurist, Sir James Fitzjames Stephen, "to give a specific meaning to the word 'reasonable,' when applied to 'reasonable doubt,' is trying to count what is not number, and to measure what is not space." In the case of Miles *v.* U. S., 103 U. S. 312, Mr. Justice Woods, delivering the opinion of the court, says on this subject: "Attempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury." In the light of these authorities, it would seem that the meaning of the phrase "reasonable doubt" is obvious; and for courts to attempt to explain it to the jury is to "gild refined gold," or add another ray unto the sunlight.

From a careful reading of the brief of evidence in this case, we do not feel entirely satisfied with this verdict. The evidence as to guilt lacks both strength and clearness. The females in question

seem to have been easily persuaded, and to have been as willing to go away as the defendants were to take them away. It appears to have been a case of the mutual meeting of immoral suggestions and inclinations. If we were willing to moralize, we might say that the man, being much older than the women, ought to have been much stronger, and should have discouraged, rather than encouraged, their apparent willingness to leave home and parent. The jury seems to have justly weighed the relative sins of the two, and recommended the man to judicial clemency, and the just judge wisely adopted such recommendation. The limitation of our authority, in the constitutional amendment creating this court, prevents us from interfering with the verdict, although not entirely satisfied with it, where there is some evidence to support it.

None of the errors of law being well taken, we can not say that the court abused its discretion in refusing to grant a new trial.

*Judgment affirmed.*