## 400.  JAMES v. THE STATE.

No material error of law was committed. The charge of the court fully
submitted the issues, and the verdict was amply supported by the
evidence.

Accusation of cruelty to animal, from city court of Sylvester—
Judge Park.  February 22, 1907.

Submitted April 22,—Decided May 9, 1907.

*Payton & Hay,* for plaintiff in error.

*J. H. Tipton, solicitor,* contra.

HILL, C. J.  The defendant was convicted of violating section
703 of the Penal Code, which is as follows: "Every person who
shall instigate, engage in, or do anything in furtherance of an act
of cruelty to a domestic animal, shall be punished as for a mis-
demeanor."  Section 105 defines the word "cruelty" as "every wil-
ful act, omission or neglect, whereby unjustifiable physical pain,
suffering, or death is caused or permitted."  The evidence for the
State showed substantially the following: "A small, red cow,
belonging to the prosecutor, had the appearance of having been
badly beaten by some one; she had streaks on her; the hair had
been knocked off, and, in places, the skin was nearly cut through;
she seemed to be pretty badly worried, and couldn't stand still."
On the day when the small, red cow appears to have been beaten,
a witness passing on the road heard licks,—something like hard
licks, and saw the defendant with another negro, after the cow in
question; one had hold of her tail, one her head, and one was
beating her.  They threw the cow over the fence, and she fell
upon her back with her feet up, "butcher fashion."  A broken
rail lying near her strongly indicated the weapon used.  Being
helped up, she attempted to walk, and again fell down.  The de-
fendant admitted running the cow out of the field, but denied that
he or his companion had in any manner cruelly treated the cow.
There was some evidence as to the identity and ownership of the
cow, two witnesses for the defendant having sworn that they ex-
amined a cow of the prosecutor's, said to have been the one that
was hurt, and they saw no indications of cruel treatment.  The
gist of this offense, as defined by section 705, is cruelty to a do-
mestic animal.  The identity or ownership of the animal is not
mentioned, nor is it material.  If this defendant engaged in the

infliction of unjustifiable physical pain upon a cow, he violated the law. Any conflicts in the evidence on the question of the identity and ownership of the cow in question were settled by the jury.

It is claimed that the court, in the charge to the jury, committed an error in telling them not to consider the testimony of the defendant's witnesses that the cow was not injured, unless they believed that the cow that these witnesses testified about was the same cow that the State's witnesses testified about. We do not think so. Manifestly such testimony was wholly immaterial, unless the witnesses referred to the same cow.

It is objected that the court erred in permitting the solicitor, after the defendant had made his statement, to propound to a witness the following question: "Mr. Roberts, when the defendant states that the defendant himself, nor this man that was with him, didn't strike this cow at all, not even with their hands, is that true?" The objection is that such question defeats the purpose of the rule requiring the separation of the witnesses, in that it informs the witness as to what the defendant had stated. We do not approve of the form of this question, but we do not think the ruling of the court allowing it rises to the importance of reversible error, upon the objection made.

It is insisted that the court erred in not giving to the jury the rules of law for determining the credibility of witnesses, but did charge that if there was a conflict in the testimony, it was the duty of the jury to reconcile such testimony, without imputing perjury to any witness, but if they could not reconcile the testimony, they were to give credit to the witness or witnesses they thought more worthy of belief. We think this general statement is sufficient, in the absence of a request for more specific instructions.

On the subject of reasonable doubt, the court charged as follows: "Take the evidence, the defendant's statement, and the law as given you in charge, and decide whether or not you believe beyond a reasonable doubt that this defendant is guilty. If you are satisfied beyond a reasonable doubt that he is guilty, so find him. If you have a reasonable doubt, give him the benefit of it and acquit him." An objection to this charge, because "it failed to instruct the jury as to what question the reasonable doubt shall

be implied to," is clearly not well taken. It is not necessary to attempt any definition of the phrase "reasonable doubt." The words are self-explanatory, and simplicity would be rendered con-- fusing, and meaning obscure, by·any elaboration..

This case was fairly submitted to the jury, and no material. error was committed. The grounds of alleged legal error are hy- percritical and ingenious, but without merit or substance.

*Judgment affirmed.*