## 5424.   HILL *v.* THE STATE.

1. In computing the thirty days in which a petition for certiorari must be presented for sanction, when the last day falls on Sunday, it will be sufficient if the petition be presented for sanction on the following Monday.  Penal Code, § 1, par. 8.  See, also, *Wood* v. *State,* 12 *Ga. App.* 651 (78 S. E. 140).

2. Even in the absence of a request, it is the duty of the trial judge in a criminal case to charge the doctrine of "reasonable doubt," and the failure to do so is reversible error, unless the evidence demanded the verdict rendered.

3. If "remarks of counsel tending to prejudice the jury against the defendant" may require the granting of a new trial (*Augusta &c. Railroad Co.* v. *Randall,* 85 *Ga.* 298 (11 S. E. 706)), a fortiori improper remarks or impatient utterances from the presiding judge may necessitate a new trial.

DECIDED MARCH 26, 1914.

Petition for certiorari; from Fulton superior court—Judge Pendleton.  October 24, 1913.

*C. G. Battle,* for plaintiff in error.
*Hugh M. Dorsey, solicitor-general,* contra.

WADE, J.  Ben Hill was convicted on October 24, 1913, in the criminal court of Atlanta of the offense of operating an automobile,

without the consent or authority of the owner, and was sentenced to serve a term of 8 months in the chain-gang or pay a fine of $50. On Monday, the 24th day of November, 1913, the defendant presented to the judge of Fulton superior court his petition for certiorari, the judge refused to sanction it, and a bill of exceptions was sued out on account of such refusal.

The petition for certiorari must be assumed to speak the absolute truth, since the case comes to this court on the refusal of the judge to sanction the same. *Linder* v. *Renfroe*, 1 *Ga. App.* 58 (57 S. E. 975). The petition alleges that one Harper was the owner of the car which the defendant was charged with illegally operating, and that said Harper testified at the trial in substance as follows: I know the defendant, he drives for me—that is, he drives my car. In this county and State, about the 22d of September, 1913, I was at the Georgian Terrace Hotel, and while there the defendant drove my car from said hotel out Butler street and back to the Capital City Club, without my consent or authority. I own the car which the defendant drove, and he has been driving for me some time—a good long time, I don't know how long it has been. I paid him every week what I owed him. The defendant used the car on other occasions about three or four times, without asking my permission, and would tell me every time he had been driving the car, and where he had been, and I did not bother him for using it. He told me on this occasion that he had been working on the car, and that was the reason he did not get back at the time he should have. Defendant stated in substance that he had been driving for Mr. Harper for about a year, and had used his car several times without his consent, and had always apprised Mr. Harper of the fact afterwards; that Mr. Harper did not tell him not to use the car on this occasion, and that he thought it would be all right, as he had used it before and Mr. Harper did not seem to care, although he always told Mr. Harper when he used the car. The defendant said that if he committed any crime he did not know it, as he used the car without any secrecy and Mr. Harper had not objected, and that he had no intention whatever of violating the law, but understood that he could do safely what he had done previously without objection. The court charged the jury (as alleged in the petition for certiorari) as follows: "Gentlemen, you have heard the evidence in the case. This defendant is charged in this accusation with

having used the automobile of Mr. Harper, without his consent or authority, which, gentlemen, the law says is a misdemeanor. Now, gentlemen, there isn't any law governing this case. You just look to the evidence, and if you believe from the evidence the defendant · operated this automobile as alleged in this accusation, you will find him guilty; otherwise acquit him. You may retire and make up your verdict." It is alleged that this was the entire charge given. The petition for certiorari further alleges that "at this point defendant's counsel requested the court to charge the jury with reference to a 'reasonable . doubt,'—that is, if there was a reasonable doubt as to the guilt of the prisoner, they should give the defendant the benefit of the doubt, and acquit him." The court refused the oral request, saying to the defendant's counsel, in the presence of the jury, "I don't need any dictation from you."

1. It appears from the allegations in the petition for certiorari that on account of the fact that the month of October has 31 days, 30 days elapsed from October 24, 1913, up to and including November 23,—counting the last day and not the first, as authorized by statute. November 23, 1913, fell on Sunday, as the courts will judicially · recognize, and hence under the ruling made in the case of *Wood* v. *State,* 12 *Ga. App.* 651 (78 S. E. 140), the applicant for the writ of certiorari would be allowed to include the following Monday in computing the 30 days in which the petition for certiorari must be presented for sanction, since Sunday is, by the Civil Code, § 4, paragraph 8, expressly excluded from the count.

2. Where the judge of the superior court refuses to sanction a petition for certiorari and such refusal comes to this court for review, all the allegations in the petition are accepted and treated as true; and it appears from the petition in this case that the judge presiding at the trial of the defendant failed to charge the jury as to the doctrine of "reasonable doubt," and this too notwithstanding counsel for the defense orally called the judge's attention to his omission and requested him to charge on that subject. The general charge on the doctrine of "reasonable doubt" should always be given in a criminal case, even where no request is made, or where the request is not strictly in legal form. *Madden* v. *State,* 67 *Ga.* 151; *Carr* v. *State,* 84 *Ga.* 250 (10 S. E. 626); Penal Code, § 1013; *Cain* v. *Cordele,* 8 *Ga. App.* 433-5 (69 S. E. 578); *Sledge* v. *State,* 99 *Ga.* 684 (26 S. E. 756). It does not appear from the

transcript of the charge given in the petition for certiorari that the court charged the jury as to the consideration to be given by them to the defendant's statement, or as to the presumption of innocence (*Butts* v. *State,* 13 *Ga. App.* 274, 79 S. E. 87; Coffin *v.* United States, 156 U. S. 432, 458, 15 Sup. Ct. 394, 39 L. ed. 481); but there is no assignment of error as to these omissions. In this case, the doctrine of "reasonable doubt" should have been given to the jury, since not only the defendant's statement might engender such a doubt, but the jury might entertain a doubt of this character under the evidence given by the owner of the car, as to the intention of the defendant to violate the law, or as to implied consent given by the owner on account of his knowledge of similar conduct on the part of the defendant during the long period anterior to the commission of the act complained of, without interposing any objection and while still retaining the defendant in his employment and paying him for his services. The failure of the car-owner to object to the previous use of his car by the defendant without authority from him, notwithstanding his knowledge of such use, was a matter for the jury, and might have excited a "reasonable doubt" in their minds as to the guilt of the accused (since the union or joint operation of act and intention, or criminal negligence, would be necessary to constitute any crime), and might possibly have resulted in the acquittal of the accused if the jury had been authorized by the express charge of the court to give him the benefit of such a doubt.

While the fact that repeated violations of section 9 of the acts of 1910 (Acts 1910, p. 93), without prosecution therefor or even objection thereto, would not license another such violation, or necessarily establish an implied consent on the part of the owner of the car to its unauthorized use, the failure to register any objection to such repeated unauthorized use might be regarded by the defendant as constituting consent, and might be considered in arriving at his intention; and hence, under the facts of this case, the doctrine of "reasonable doubt" should have been submitted to the jury.

3. It may be that the answer of the trial judge would show that his alleged remark in reply to the request to charge the jury on the doctrine of reasonable doubt,—"I don't need any dictation from you,"—had reference to something else entirely; but, as already stated, in the absence of an answer, the allegations of the

petition must be taken·as true; and not only was the remark improper, but such a remark in the presence of the jury in immediate response to the request may have impressed them with the idea that they were not to regard this doctrine in their consideration of the case on trial. *Augusta &c. Railroad Co.* v. *Randall,* 85 *Ga.* 298 (11 S. E. 706); *Shaw* v. *State,* 83 *Ga.* 92 (92 S. E. 768).

> *Judgment reversed. Roan, J., absent.*