## 5941.  TOLBERT v. THE STATE.

RUSSELL, C. J.  1. An exception assigning error upon the admission of testimony is valueless unless the testimony referred to is specifically set forth, with a recital of the grounds of objection urged at the trial.

2. Even if (for the reason above stated) a ground of a motion for new trial alleging that the court erred in admitting "evidence of a character tending to show that the prosecutrix was beat in a different way and in a different manner to that alleged in the bill of indictment, over the objection of counsel for the defendant," were not too vague and indefinite to present anything for the consideration of an appellate court, the evidence referred to was nevertheless admissible, because "when the accusation charges the offense generally, the State need not rest its case on proof of a single transaction, but may prove or attempt to prove any number of transactions of the character charged in the indictment and included within its terms." *White* v. *State*, 9 *Ga. App.* 558 (71 S. E. 879).

3. While an unnecessarily minute description of a necessary fact in an indictment must be proved as charged, and "no averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed" (*Henderson* v. *State*, 113 *Ga.* 1148, 39 S. E. 446; *Hall* v. *State*, 120 *Ga.* 142, 47 S. E. 519), the indictment in the present case contained both a general charge of wife-beating and an allegation that the accused committed the offense by kicking and stamping his wife's head with his feet, and the State was not confined to a single transaction; and furthermore there was testimony sustaining both the general and the specific allegations of the accusation.

4. The reopening of a case for the introduction of further evidence, after the testimony has closed and before the court has charged the jury, is a matter within the sound discretion of the trial judge; and there was no abuse of this discretion in the present case.

5. The court did not err in not explaining to the jury the meaning of the words "reasonable doubt." No such explanation is required in the absence of a timely written request. *Middleton* v. *State*, 7 *Ga. App.* 3 (2) (66 S. E. 22); *Battle* v. *State*, 103 *Ga.* 53 (2), 57 (29 S. E. 491); *Barker* v. *State*, 1 *Ga. App.* 288 (57 S. E. 989); *Buchanan* v. *State*, 11 *Ga. App.* 756 (2) (76 S. E. 73).

6. In the absence of an appropriate and timely written request, a court is not required to instruct the jury upon the subject of impeachment by contradictory statements or by any other method provided for the impeachment of witnesses.

7. The evidence authorized the conviction, and there was no error requiring a new trial.       *Judgment affirmed. Broyles, J., not presiding.*
                           DECIDED MAY 7, 1915.

Indictment for wife-beating; from Haralson superior court—Judge Price Edwards. January 7, 1914.

*Taylor Smith,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general, M. J. Head,* contra.