27098. FLOYD *v.* THE STATE.

868

DECIDED SEPTEMBER 27, 1938.  REHEARING DENIED DECEMBER 14, 1938.

*Benjamin B. Garland,* for plaintiff in error.
*Frank B. Willingham, solicitor-general,* contra.

MACINTYRE, J. ▊ The court charged the jury as follows: "To this indictment the defendant now on trial pleads not guilty and that forms the issue which you are to try, and I charge you that he enters into the trial of the case with the presumption of innocence in his favor and that presumption remains with him throughout the trial or until it is overcome by proof to your satisfaction beyond a reasonable doubt of his guilt. Moral and reasonable certainty is all the law requires in a legal investigation, but I charge you that whether dependent upon positive or circumstantial evidence, the true question in each criminal case is not whether it be possible that the conclusion to which the evidence points may be false, but whether or not there is sufficient evidence to justify the minds and consciences of the jury of the defendant's guilt beyond a reasonable doubt, for if you have a reasonable doubt of the defendant's guilt it would be your duty to acquit him and find him not guilty. The burden, gentlemen of the jury, is upon the State to prove all the material allegations of the indictment to your satisfaction beyond a reasonable doubt before you would be authorized to find the defendant in this case guilty of the crime of burglary." The defendant requested the court to give the further charge: "Gentlemen, I charge you that reasonable doubt spring-

ing from evidence or lack of evidence leaving a reasonable mind wavering and unsettled not satisfied from evidence," and assigned error upon the court's failure to charge this request.

In the case of *John v. State,* 33 *Ga.* 257, 268, Judge Lumpkin, speaking for the court in stating what evidence warranted a conviction, said: "Evidence includes all the means by which any alleged matter of fact, the truth of which is submitted to investigation, is established or disproved. None but mathematical proof is susceptible of that high degree of evidence called demonstration, which excludes all possibility of error. Matters of fact are proved by moral evidence alone, and the most that can be affirmed of such things is that there is no reasonable doubt concerning them. *The true question therefore is, in all criminal trials whether dependent upon positive or circumstantial evidence, not whether it be possible that the conclusion at which the testimony points may be false, but whether there is sufficient proof of its truth to satisfy the mind and conscience beyond a reasonable doubt."* (Italics ours.) The Code, § 38-110, declares: "Whether dependent upon positive or circumstantial evidence, the true question in criminal cases is, not·whether it be possible that the conclusion at which the evidence points may be false, but whether there is sufficient evidence to satisfy the mind and conscience beyond a reasonable doubt." It will thus be seen that the above-quoted Code section is taken from the decision of *John v. State,* supra, and it will be further seen that the judge's charge here excepted to follows that case very closely. The point thus raised is in effect that the judge failed, upon request, to explain the meaning of the phrase "reasonable doubt."

Our Supreme Court in the case of *Battle v. State,* 103 *Ga.* 53, 57, 58 (29 S. E. 491), has said: "It hardly seems to be necessary to add to the words 'reasonable doubt' any other words explanatory of their meaning. Mr. Bishop, in the first volume of his New Criminal Procedure, says: 'There are no words plainer than "reasonable doubt," and none so exact to the idea meant. Hence some judges, it would seem, wisely decline attempting to interpret them to the jury.' See also 62 Me. 129; 9 Bush 593; 7 Baxter 35; 20 Texas Appeals, 315. In the words of another author on the subject of giving a specific meaning to the word 'reasonable' when applied to reasonable doubts, 'it is trying to count what is not

number, and to measure what is not space.' *Bone* v. *State*, 102 *Ga.* 392 [30 S. E. 845]. In the case of Miles *v.* United States, 103 U. S. 312 [26 L. ed. 481], Justice Woods, delivering the opinion of the court, says on this subject: 'Attempts to explain the term "reasonable doubt" do not usually result in making it any clearer to the minds of the jury.' He cites a number of cases in connection with this view. It would seem, therefore, to be a conclusion that the phrase 'reasonable doubt' explains itself. Certainly the meaning is obvious, and will be readily appreciated by the average juror without further explanation. In this case the expression when used by the judge could not have been misunderstood; and we find no error in his failure to enter into any detailed explanation of what was meant by the phrase 'reasonable doubt.'" Our Court of Appeals in the case of *Barker* v. *State*, 1 *Ga. App.* 286, 288 (57 S. E. 989), has said "it would seem that the meaning of the phrase 'reasonable doubt' is obvious; and for courts to attempt to explain it to the jury is to 'gild refined gold,' or add another ray unto the sunlight." And in *James* v. *State*, 1 *Ga. App.* 779, 781 (57 S. E. 959), this court said: "It is not necessary to attempt any definition of the phrase 'reasonable doubt.' The words are self-explanatory, and simplicity would be rendered confusing, and meaning obscure, by any elaboration." Judge Russell in *Clay* v. *State*, 4 *Ga. App.* 142, 147 (60 S. E. 1028), stated: "We have frequently held that attempted definitions of reasonable doubt are more apt to confuse a jury than otherwise." The Supreme Court, in the case of *Nelms* v. *State*, 123 *Ga.* 575, 578 (51 S. E. 588), quotes with approval from 23 Am. & Eng. Enc. L. 955, that, "there have been many attempts to define and interpret the term 'reasonable doubt,' . . but it is apprehended that such attempts are futile; that the words are of plain and unmistakable meaning; and that any definition on the part of the court tends only to confuse the jury and to render uncertain an expression which, standing alone, is certain and intelligible." In *Layton* v. *State*, 15 *Ga. App.* 416, 420 (83 S. E. 431), it is said: "While it is true that it is very seldom that an amplified definition of the term 'reasonable doubt' elucidates the meaning of these simple words (*Middleton* v. *State*, 7 *Ga. App.* 1, 66 S. E. 22), and it is better not to define words so easily understood, it is nevertheless not error for the judge to explain what a reasonable doubt is,

where the explanation is correctly given and where no possible harm is thereby done to the accused. A general charge that the jury must be convinced of the guilt of the accused 'beyond a reasonable doubt' would be sufficient (*Norman* v. *State*, 10 *Ga. App.* 802, 74 S. E. 428), but amplification which could not mislead the jury or confuse their minds as to the plain meaning of these words is not reversible error." See also *Jordan* v. *State*, 16 *Ga. App.* 393, 400 (85 S. E. 455).

The rule is that when the charge embraces a section of the Code which contains technical words or expressions, the meaning of which is probably not understood by a person unlearned in the law, the court should so define them as to convey to the jury a correct idea of their meaning, but it is unnecessary for the court, even upon request, to explain words and expressions which are of ordinary understanding and self-explanatory. Reid's Branson Instruction to Juries, 169 § 55; *Roberts* v. *State*, 114 *Ga.* 450 (3) (40 S. E. 297). In the instant case we find no error in the judge's failure to enter into any detailed explanation of what is meant by the phrase "reasonable doubt." The expression, as used by the judge in his charge, could not have been misunderstood by the jury. Its meaning is obvious and will be readily appreciated by the average juror without further explanation. The phrase "reasonable doubt" explains itself. We can not think that the jury failed to understand from the charge the law of this branch of the case. This exception is without merit.

■ The rulings announced in headnotes 3 and 4 need no further elaboration.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*