## 70253. GADDIS v. THE STATE.
(336 SE2d 587)

SOGNIER, Judge.

Appellant was convicted of cruelty to children and contends on appeal the trial court erred by failing to define "malice," an essential element of the offense. Appellant argues that the failure to give such a definition was harmful as it encompassed his only defense, i.e., that the victim's injury was accidental. We do not agree.

OCGA § 16-5-70 (b) provides: "Any person commits the offense of cruelty to children when he maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." As pointed out by appellant in his brief "malice," in the legal sense, imports the absence of all elements of justification or excuse and the presence of an actual *intent* to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result. Perkins, Criminal Law, 2d ed., page 769.

The trial court's charge on intent encompassed the legal meaning of malice set forth above. Although we have found no child molestation cases in Georgia addressing the issue of a trial court's failure to define "maliciously," our Supreme Court found no error in a murder case where the trial court failed to define "express malice," as the appellant failed to point out wherein he was prejudiced thereby. *Morris v. State,* 185 Ga. 67 (2) (194 SE 214) (1937). When words are of obvious significance, an omission to define such words, in the absence of a written request, will not require a new trial. *Perren v. State,* 69 Ga. App. 417 (3) (a) (25 SE2d 823) (1943). In *Kelly v. State,* 63 Ga. App. 231, 239 (7) (10 SE2d 417) (1940), we held the word "accident" is not a word which is probably not understood by a person unlearned in the law, but is a word of ordinary understanding and self-explanatory, and it is unnecessary, even upon request, to define or explain such a word. We find that the term "maliciously," as used in the indictment against appellant here, is of such obvious significance and common understanding as to need no definition by the trial court. The court also charged on appellant's defense of accident so he was not, as alleged, deprived of his defense. Lastly, we note that while appellant made an oral request that the court define malice in its charge, he submitted no written request for such a charge. This court

has held that in the absence of a written request to charge, failure to give such a charge is without error. *Young v. State,* 149 Ga. App. 533, 536 (7) (254 SE2d 749) (1979). Hence, we find no reversible error in the court's failure to define the word "maliciously."

Appellant contends that the court's charge on criminal negligence authorized the jury to find him guilty on mere criminal negligence. The trial court charged that to violate a penal statute is not criminal negligence unless the violation is dangerous in itself or is accompanied by a recklessness which amounts to a failure to exercise slight care, and the violation is under such circumstances that death or injury to others might reasonably be anticipated. Such a charge did not authorize a finding of guilty on "mere" criminal negligence. Further, although not in the exact language of the definition of malice referred to by appellant in his brief, the trial court's charge expressed the same principle. Thus, appellant's argument in this regard is without merit.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED OCTOBER 11, 1985 —
REHEARING DENIED OCTOBER 23, 1985 —

*C. Michael Abbott,* for appellant.
*Arthur E. Mallory III, District Attorney, Peter Skandalakis, Assistant District Attorney,* for appellee.