73241. McCALLISTER v. DOE.
73242. ALLSTATE INSURANCE COMPANY v. DOE et al.
(353 SE2d 89)

POPE, Judge.

This is an appeal from a "John Doe" uninsured motorist action. Allstate Insurance Company is the uninsured motorist carrier and has filed a cross-appeal.

Plaintiff McCallister testified that on June 8, 1985 at approximately 9:30 p.m. she was traveling north on Lick Skillet Road in Harris County, Georgia when an older model Impala traveling south with its bright lights on crossed over the centerline into plaintiff's lane, forcing her to veer off the side of the road to avoid hitting the oncoming car. Plaintiff testified that Lick Skillet is a two-lane, winding, narrow road with many "blind hills" and that she met the Impala near the crest of one of these hills. Plaintiff further testified that there was gravel on the side of the road which was like being on ice. Plaintiff testified that as she came down the hill, her car "just snapped loose" from the gravel and was propelled back onto the road into the southbound lane, hitting an on-coming pickup truck which was pulling a boat.

Mr. Papenfuss, the driver of the truck, testified that an older model "clay" colored Impala was traveling south in front of him on Lick Skillet Road that night, that he saw the Impala and plaintiff's car pass at the top of the hill and that a few seconds later plaintiff's car went off the embankment on the right side of the road. Mr. Papenfuss testified that he could not swear that the Impala had its bright lights on, but it was a good possibility that it did. He also testified that it looked to him like the Impala was in its proper lane but he could not be positive.

Mr. Papenfuss' brother, one of the passengers in the truck, testified that he glanced up and saw taillights in front of the truck and that he saw plaintiff run off the road after she passed the other car at the top of the hill, but he did not testify that the Impala crossed over into plaintiff's lane. The other passenger testified that he did not see a car traveling south in front of them that night.

Allstate moved for a directed verdict at the close of plaintiff's case and again prior to the trial court's charge to the jury. The trial court denied Allstate's motions and the jury returned a verdict for the defendant, John Doe.

### Case No. 73241.

1. Effective July 1, 1983 OCGA § 33-7-11 (b) (2) was amended to eliminate the physical contact requirement in uninsured motorist claims when "the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant." Ga. L. 1983, p. 938. The trial court charged this section to the jury, but refused to give plaintiff's three requested charges on the definition of corroboration.

"The rule is that when the charge embraces a section of the Code which contains technical words or expressions, the meaning of which is probably not understood by a person unlearned in the law, the

court should so define them as to convey to the jury a correct idea of their meaning, but it is unnecessary for the court, even upon request, to explain words and expressions which are of ordinary understanding and self-explanatory. [Cits.]" *Floyd v. State*, 58 Ga. App. 867, 871 (200 SE 207) (1938). Applying this rule, the appellate courts of this state have declined to find error when the trial court failed to define such terms as "reasonable doubt" (*Floyd*, supra at (2)); "accident" (*Kelly v. State*, 63 Ga. App. 231 (7) (10 SE2d 417) (1940)); "spirituous liquors" (*Slater v. Dodd*, 108 Ga. App. 879 (2) (134 SE2d 848) (1964)); "possession" (*Williams v. State*, 129 Ga. App. 103 (5) (198 SE2d 683) (1973)); and "maliciously" (*Gaddis v. State*, 176 Ga. App. 526 (336 SE2d 587) (1985)). We likewise decline to find error in the case sub judice.

Although we are inclined to believe that it would have been preferable for the trial court to instruct the jury on the definition of the term "corroboration" under the circumstances in the present case, we hold that it "is not a word which is probably not understood by a person unlearned in the law, but is a word of ordinary understanding and self-explanatory, and it is unnecessary, even upon request, to define or explain such a word." *Kelly*, supra at 239; *Gaddis*, supra. Thus, we find no reversible error in the trial court's failure to instruct the jury on the definition of the term "corroboration."

*Case No. 73242.*

2. As our holding in Division 1 is favorable to Allstate, its cross-appeal becomes moot and is dismissed. See OCGA § 5-6-48 (b).

*Judgment affirmed in Case No. 73241; appeal dismissed in Case No. 73242. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 26, 1987.

*Douglas L. Breault*, for McCallister.
*John T. Laney III, Richard A. Marchetti*, for Allstate.